UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND D. HENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:05cv276 |
| ) | |
| JO ANN B. BARNHART, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court on a "Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412", filed by the plaintiff, Raymond D. Henson ("Henson"), on July 14, 2006.[1]  The government responded to the motion on July 31, 2006, to which Henson replied on August 16, 2006.

For the following reasons, Henson's motion will be granted.

### Discussion

On April 28, 2006, this court issued an order remanding this case to the Commissioner to vacate the dismissal of Henson's hearing request and provide him with a hearing on the merits of his application for Disability Insurance Benefits (DIB).

An award of reasonable attorney fees and expenses is permitted under the Equal Access to Justice Act (EAJA) where a plaintiff files a timely petition in a matter in which he was a prevailing party, the government's position was not substantially justified, and no special

---

[1] On August 16, 2006, Henson filed a motion to amend his motion for award of attorney fees and costs.  This motion was granted on August 17, 2006, and the fee petition was amended accordingly.

circumstances prevent an award.  28 U.S.C. §§ 2412(d)(1), 2412(d)(2)(A); Comm'r, Immigration & Naturalization Servs. v. Jean, 496 U.S. 154, 158 (1990).  The Commissioner concedes that Henson's EAJA motion is timely and that Henson is a prevailing party by virtue of this court's judgment remanding the case for further proceedings.  However, the Commissioner contends that the court should not award EAJA fees to Henson because the government's position was substantially justified.

A district court at the EAJA stage must take a fresh look at the case from an EAJA perspective and must reach a judgment independent of its merits decision.  Fed. Election Comm'n v. Rose, 806 F.2d 1081, 1087-90 (D.C. Cir. 1986).  At the EAJA stage, the test becomes "whether the agency had a rational ground for thinking it had a rational ground for its action."  Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).  The government's position is "substantially justified" if it is justified to the degree that could satisfy a reasonable person, i.e., the position is "justified in substance or in the main."  Pierce v. Underwood, 487 U.S. 552, 556 (1988).  This equates to the government's position having a reasonable basis both in law and fact.  Id.; Conrad v. Barnhart, 434 F.3d 987, 990 (7th cir. 2006).  Only one threshold determination about substantial justification is to be made for the entire civil action.  Jean, 496 U.S. at 159; Conrad, 434 F.3d at 990; United States v. Hallmark Constr., 200 F.3d 1076, 1080-81 (7th Cir. 2000).  Being incorrect on a point does not constitute a lack of substantial justification for the government's position during the entirety of a civil action.  Jackson v. Chater, 94 F.3d 274, 279-80 (7th Cir. 1996).

The background of this case is as follows.  On August 31, 2004, Henson, who had applied for Disability Insurance Benefits,  filed a request for a hearing before an ALJ within the

2

time prescribed by the regulations. Shortly thereafter, he filed a request to withdraw his application[2], which the government conceded was never acted upon. A few weeks after Henson filed his withdrawal request, he called the Social Security Administration and cancelled the withdrawal request. Although he was assured the request would be cancelled, he was not advised to place his cancellation in writing as required by 20 C..F.R. §404.641.[3] On February 22, 2005, the ALJ dismissed Henson's hearing request, stating incorrectly in his dismissal that Henson's attorney had asked in the letter accompanying the withdrawal request for the hearing request to be dismissed. Henson provided evidence that neither he nor his attorney ever requested dismissal of the hearing request. Henson appropriately requested review of the ALJ's dismissal by the Appeals Council, and review was denied.

Henson then filed suit in this court. The government responded with a motion to dismiss for lack of jurisdiction. Henson then filed a Petition for Writ of Mandamus. In an order dated April 28, 2006, this court granted Henson's Petition for Writ of Mandamus and ordered the Social Security Administration to reinstate Henson's Request for Hearing and provide him with a hearing on the merits.

Despite having a writ of mandamus entered against her, the Commissioner contends that the government's position in the present case was substantially justified. The Commissioner argues that, at the administrative level, although the ALJ mistakenly believed that Henson requested dismissal of his request for a hearing in addition to requesting that his DIB application

---

[2] Henson had been mistakenly informed that he had to cancel his DIB application in order to receive settlement proceeds from an automobile accident.

[3] According to the record, Henson submitted a written request that his request for withdrawal of application be cancelled on November 3, 2005 and February 24, 2006.

3

be withdrawn, the ALJ's dismissal of Henson's request for a hearing was at least reasonable in light of the facts known to him at the time.  The Commissioner states that the ALJ was aware of Henson's request to withdraw his DIB application, which request stated that receiving DIB benefits would be disadvantageous to him.  The Commissioner argues that the ALJ reasonably concluded that such a request would be granted, since Agency procedure allows for withdrawal of an application under such circumstances.  The Commissioner claims that at the time their actions were taken, the ALJ and the Appeals Council were apparently unaware that Henson had subsequently telephoned a field office, seeking to cancel his request to withdraw his DIB application.  The Commissioner maintains that it was at least reasonable for the ALJ, based on the information available to him at the time, to conclude that a hearing on the denial of the DIB application was unnecessary and to dismiss Henson's hearing request.

The Commissioner further argues that, at the litigation phase, the government's position was also substantially justified, because the government's position that the court did not have jurisdiction to review the Agency's action had a reasonable basis in law and fact.  The Commissioner points out that the Agency had not issued a final decision after a hearing in Henson's case.  Section 42 U.S.C. § 405(g), which provides the exclusive jurisdictional basis for judicial review of Social Security cases, explicitly provides for review of a "final decision made after a hearing."  The Commissioner contends that because there was no hearing in this case, the government's position in filing a motion to dismiss for lack of jurisdiction had a rational basis in both fact and law.

The Commissioner states that after further investigation and analysis of the facts in the present case, counsel became aware that Henson's request to withdraw his DIB application and a

4

subsequent request to cancel the request to withdraw his DIB application had never been processed.  At that point, the Commissioner asked this court to remand Henson's case, so that the Agency could vacate the dismissal of the hearing request and take action upon Henson's request to withdraw his DIB application and his request to cancel the withdrawal.  The Commissioner argues that the government's position that remand was appropriate to consider these requests had a rational basis, and that it was at least reasonable for the government to argue that, because remand for such consideration could provide an adequate remedy, mandamus should not be invoked.

Henson strongly objects to the Commissioner's contention that the government's position in this case was substantially justified.  Henson points out that ALJ VerWeibe violated 20 C.F.R. § 404.957 by improperly dismissing Henson's hearing request because he misread the cover letter for Henson's request to withdraw his application.  Henson argues that it did not matter what the ALJ knew or believed because everything the ALJ needed to know to avoid error was contained in Henson's letter.  Henson points out that this was an error the ALJ could have easily avoided by simply paying closer attention to what he was doing.  Henson argues that carelessness can never be substantially justified.

Henson further points out that the Appeals Council compounded the ALJ's error when it mistakenly affirmed the dismissal.  The Appeals Council did not review Henson's letter regarding his request to withdraw his application to confirm that grounds existed for dismissal of the hearing request.  Or if it did review the letter, it ignored the ALJ's factual mistake.  Either way, it was clear that the Appeals Council erred when it failed to remand this case back to the ALJ to reinstate Henson's hearing request.  Henson again contends that such patent error cannot

be substantially justified.

Next, Henson maintains that the Commissioner's argument is internally inconsistent. Henson argues that the only way the ALJ could have "reasonably concluded" that Henson's request to withdraw his application would be granted was if he planned to grant it himself. Since the ALJ did not grant the request, it is unclear exactly how or why he supposedly expected the request to be granted. Henson filed his request to withdraw his application four months after he filed his hearing request, placing his claim squarely at the hearing level where the ALJ makes these decisions. Henson concedes that the ALJ may not have known that Henson had already attempted to cancel his request to withdraw his application, but claims the ALJ knew or should have known that no action of any kind had been taken on the request. Henson argues that after he appealed dismissal of his hearing request, the Appeals Council could have acted on his request to withdraw his application, but failed to do so. Henson notes that there was no truth to the ALJ's allegation that Henson requested dismissal of his hearing request, and without such a request there was no basis in law for its dismissal.

Next, Henson argues that the Commissioner's litigation position was not substantially justified. As discussed above, the Commissioner contends that her motion to dismiss filed in this court was reasonable because Henson never had a hearing. However, Henson's counsel states that he advised the Commissioner's representative (before the motion to dismiss was filed), that a hearing is not required for district court jurisdiction when an error prevented the claim from going to a hearing in the first place. Henson's counsel further states that he told the Commissioner's representative that Henson did not ask to have his hearing request dismissed and that a search of the files would fail to turn up such a request. Henson asks the court to note

6

that nowhere did the Commissioner assert in her motion to dismiss that Henson requested dismissal of his hearing request, indicating that before she filed her motion to dismiss she did indeed confirm that the ALJ improperly dismissed the hearing request without a request to do so. Henson argues that if the Commissioner had properly researched this court's jurisdiction to review the Commissioner's error, she would have seen that there was no question that Henson had jurisdiction to file his claim.

Henson claims that the Commissioner misleadingly implies in her current response that only after she filed the motion to dismiss did she discover that the request to withdraw the application had never been addressed administratively. Henson argues that considering that the Commissioner specifically admitted that the application had never been withdrawn in her motion to dismiss, she obviously knew no action had been taken on the request when she filed her motion to dismiss. Henson also notes that, early in this litigation, he offered to waive any EAJA fees if the Commissioner would remand his case while his attorney's vested time was relatively low.

Henson concludes that prior to filing her motion to dismiss, the Commissioner knew or should have known that this court had jurisdiction, as proper research would have revealed that administrative errors provided Henson all the jurisdiction he needed to file a district court appeal.

Henson further states that after the Commissioner filed her motion to dismiss, her representative initiated a second round of informal conferencing. The Commissioner's representative urged Henson to dismiss the district court litigation and request his local Social Security field office to reopen his claim. However, knowing that reopening was discretionary,

7

Henson would not agree to that unless the Commissioner also agreed she would actually reopen his claim and reinstate his hearing request.  Neither the Commissioner's representative nor the local field office would make such a commitment.   Therefore, Henson responded to the motion to dismiss and filed his Writ of Mandamus to send his claim back for a hearing on the merits.  Henson states that the fact that the Commissioner would not guarantee the reopening of his claim if Henson dismissed his litigation was evidence to Henson that the Commissioner was simply trying to make this litigation go away and had no intention of fixing her errors without court intervention.

Lastly, Henson notes that, as this court found in its earlier order, that the Commissioner's attempt to remand for action on his request to withdraw application was not substantially justified, because remanding his claim to act on the request was an unnecessary waste of time because the Commissioner's own Procedural Operations Manual directed her to grant his cancellation requests.

This court agrees with Henson that the Commissioner's position in this case was not substantially justified.   Inexcusable errors were made in the handling of Henson's claim, which errors were permitted to remain even after Henson and his counsel expended considerable efforts to assist the Social Security Administration in getting his application and hearing request back on track.  When Henson finally resorted to filing his case in this court, the Commissioner attempted to have the case dismissed, even though a few minutes of research would have informed her that her motion to dismiss had no basis.   Early in the case, Henson's counsel graciously offered to waive EAJA fees if the Commissioner would agree to remand Henson's case and set it for hearing as requested.  The Commissioner stubbornly resisted, causing Henson

8

to expend time and expense responding to the motion to dismiss and filing a Petition for Writ of Mandamus. This is clearly a case in which a motion for attorney's fees and costs should be granted.

In her response to the fee petition, the Commissioner objects to the requested paralegal rate ($93.75 per hour) and claims that $85.00 per hour is more accurate.  The Commissioner has also noted a clerical in Henson's fee petition.   Henson has stated that he does not wish to quibble over a few dollars and has agreed to the $85.00 per hour paralegal rate, for total paralegal fees of $769.25.  Henson also agrees that his original petition contained a clerical error with respect to the number of attorney hours spent on the case.  Thus, the parties have agreed that Henson is entitled to $6,080.25 in attorney fees and costs, based on his original petition, and $769.25 in paralegal fees.

In his amended petition, Henson has requested an additional six hours of attorney fees, for the time spent drafting and defending the fee petition, for an additional award of $963.72, and a total award of $7813.22.[4]

## Conclusion

On the basis of the foregoing, Henson's motion for award of attorney's fees and costs is hereby GRANTED.  Henson is hereby AWARDED the sum of $7813.22.

Entered: September 15, 2006.

s/ William C.  Lee<br>
William C. Lee, Judge

---

[4] Henson has actually requested a total of $7812.75 in fees and costs.  Apparently arithmetic is not his attorney's strong suit.

United States District Court

10